UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| RUDOLPH MCCOLLUM, <br><br> Plaintiff, <br><br> v. <br><br> GENCO INFRASTRUCTURE SOLUTIONS and TRANSPORT WORKERS UNION OF AMERICA, AFL-CIO, LOCAL 527, <br><br> Defendants. | Action No. 3:10-CV-210 |

MEMORANDUM OPINION

This matter comes before the Court on Defendant Transport Workers Union of America, AFL-CIO Local 527's ("Local 527") Motion to Dismiss, or in the alternative, Motion for Summary Judgment (Docket No. 27). The Court concludes McCollum's claim is time-barred. Though it need not reach the issue, the Court also awards Local 527 judgment as a matter of law on the merits of McCollum's Claim.

I. Introduction

Until August 4, 2009, Rudolph McCollum was employed by GENCO Infrastructure Solutions ("GENCO") as a bus driver. On July 28, 2009, GENCO required McCollum to take a drug test after receiving a report that McCollum had been involved in an accident. (Morgan Decl. ¶ 3, Def.'s Mem. in Supp. Ex. 1, Docket No. 27.) The test results demonstrated that McCollum had marijuana in his system. (Morgan Decl. ¶ 3.) McCollum sought out the help of his union, Local 527. McCollum told Local 527 Section Chairman Eddie Williams that certain prescription drugs he was taking led to the positive drug test. (Williams Decl. ¶¶ 4-5, Pl.'s Mem. In Supp. Ex. 2, Docket No. 27.) McCollum offered the same explanation to GENCO officials,

1

who ultimately rejected the explanation after the company's Medical Review Officer conducted research on the effects of McCollum's prescriptions. (Williams Decl. ¶¶ 5-6.) GENCO fired McCollum shortly thereafter.

McCollum immediately sought to have his status with GENCO restored. He requested and paid for a second drug test, but that test also returned a result demonstrating the presence of marijuana. (Morgan Decl. ¶ 7.) After the second test, McCollum reiterated his earlier explanation that his prescriptions were responsible for the positive test. (Williams Decl. ¶ 10.) McCollum also complained about the lab technician's handling of his urine sample and denied that he had ever consented to GENCO's zero tolerance drug policy. (Williams Decl. ¶ 10.) On the basis of McCollum's complaints, Williams filed a grievance with GENCO seeking McCollum's reinstatement. (Williams Decl. ¶ 11.) GENCO then provided Williams evidence demonstrating that McCollum's first drug test was procedurally sound and denied McCollum's grievance. (Williams Decl. ¶¶ 12-14.)

Local 527 then considered whether to proceed to arbitration on behalf of McCollum. Ben Morgan, President of Local 527, took responsibility for McCollum's case. He conducted research on McCollum's prescriptions and concluded it was unlikely they were responsible for McCollum's positive test. (Morgan Decl. ¶ 14.) He also investigated McCollum's claim that he never learned of GENCO's zero tolerance drug policy. Morgan examined a consent form outlining the policy bearing McCollum's signature, compared that signature to one on McCollum's union paperwork, and concluded McCollum had, in fact, signed the consent form. (Morgan Decl. ¶ 15.) Morgan also investigated McCollum's claim that his drug tests were procedurally corrupt and came to disagree with McCollum's assertion. (Morgan Decl. ¶ 16.) On the basis of Morgan's investigations and assessment of McCollum's claims, Local 527 decided

not to pursue arbitration on behalf of McCollum. (Morgan Decl. ¶¶ 15-18.) According to Morgan, Local 527 decided against pursuing McCollum's claims solely in order to preserve limited union resources for more meritorious claims. (Morgan Decl. ¶¶ 20-21.)

McCollum sued Local 527, alleging the union breached its duty of fair representation under the Labor Management Relations Act (LMRA) by failing to present evidence helpful to McCollum's grievance. *See* 29 U.S.C. §§ 141 et. seq. On June 14, less than two months after receiving a Notice of Rights from the EEOC, McCollum amended his complaint to add a claim against GENCO and Local 527 under the Age Discrimination in Employment Act (ADEA). *See* 29 U.S.C. §§ 626 et. seq. McCollum argued Local 527 withdrew the grievance on account of his age. Local 527 moved to dismiss on September 8, 2010, contending McCollum failed to perfect service within the time period required by Federal Rule of Civil Procedure 4(m). The Court agreed and, on December 7, 2010, dismissed McCollum's LMRA claim against Local 527 with prejudice and his ADEA claim against the union without prejudice. *See McCollum v. GENCO Infrastructure Solutions*, 2010 WL 5100495 (E.D. Va. Dec. 7, 2010).

McCollum, now proceeding *pro se*, filed his Second Amended Complaint on February 7, 2011, restating his ADEA claim against Local 527. Local 527 moves to dismiss or, alternatively, for summary judgment. McCollum has not responded.

II. Discussion

A. *McCollum's claim is time-barred.*

Under the ADEA, an individual must bring suit within ninety days of receiving a right-to-sue letter from the EEOC. 29 U.S.C. § 626(e). A claimant who fails to file a complaint within this ninety-day period loses the right to pursue his claim. *Aziz v. Orbital Sciences Corp.*, 165 F.3d 17, 1998 U.S. App. LEXIS 26736, at *3 (4th Cir. Oct. 19, 1998) (unpublished table

3

decision); *Lorenzo v. Rumsfeld*, 456 F.Supp.2d 731 (E.D. Va. 2006). A dismissal without prejudice does not toll the statutory period for filing an ADEA action. *Aziz*, 1998 U.S. App. LEXIS 26736, at *3.

McCollum received his right-to-sue letter on May 27, 2010. He filed his Second Amended Complaint on February 7, 2011. Hence, Local 527 argues that McCollum's Second Amended Complaint should be dismissed because he filed it outside the ninety-day period required by statute. The Court agrees. The filing of McCollum's Amended Complaint did not toll the 90-day limitations period, since the Court dismissed his first ADEA claim without prejudice. *See Aziz*, 1998 U.S. App. LEXIS 26736, at *3. McCollum does not suggest his claim is subject to equitable tolling. *See Coleman v. Talbot Cty. Det. Ctr.*, 242 Fed. App'x 72, 74 (4th Cir. 2007). Therefore, McCollum's ADEA claim is dismissed as time-barred.

B. *Local 527 is entitled to summary judgment.*

Though the Court need not reach the issue, Local 527 is entitled to summary judgment on McCollum's ADEA claim. A motion for summary judgment lies only where "there is no genuine issue as to any material fact" and where "the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). On a motion for summary judgment, the court should resolve all factual disputes and competing, rational inferences in the light most favorable to the party opposing the motion. *Rossignol v. Voorhaar*, 316 F.3d 516, 523 (4th Cir. 2003) (citations omitted). To overcome a motion for summary judgment, the non-moving party must establish that a genuine issue of material fact actually exists. Fed. R. Civ. P. 56(e). *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86, 586 n.11 (1986). Courts may look to the affidavits, pleadings,

discovery, and disclosure materials to determine whether a triable issue exists. Fed. R. Civ. P. 56(c). *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The ADEA makes it illegal for a "labor organization" to discriminate against an individual because of his age, or to cause an employer to discriminate against an individual because of his age. 29 U.S.C. § 623(c) (2008). A plaintiff seeking relief under the ADEA must prove age was a but-for cause of his termination. *Gross v. FBL Fin. Servs.*, 129 S.Ct. 2343, 2351 (2009). The *McDonnell Douglas* framework governs a claim of discriminatory treatment against a union based on circumstantial evidence. *Beck v. United Food & Commercial Workers Union, Local 99*, 506 F.3d 874, 882 (9th Cir. 2007). In order to make out an ADEA claim against a union, a plaintiff must show (a) his employer violated the collective bargaining agreement with respect to the employee, (b) his union breached its duty of fair representation by declining to vindicate the employer's breach, and (c) evidence indicates the employee was treated less favorably than others similarly situated on account of his age. *McCollum*, 2010 U.S. Dist. LEXIS 129251, at *11. *See E.E.O.C. v. Reynolds Metals Co.*, 212 F.Supp.2d 530, 540 (E.D. Va. 2002).

Since McCollum has not responded to Local 527's statement of undisputed facts, the Court deems those facts admitted. *See* Fed. R. Civ. P. 56(e). Taking those facts into account, it is clear McCollum has failed to prove material fact dispute exists with respect to any of the elements of his ADEA claim. The established facts demonstrate that Local 527 is entitled to judgment as a matter of law.

Given the facts before the Court, McCollum has not raised a dispute with respect to whether GENCO breached its collective bargaining agreement with Local 527. The evidence shows that McCollum was subject to the GENCO's mandatory drug testing. (Drug Screen

Memo, Morgan Decl. Ex. B.) It also shows that GENCO had a zero tolerance drug policy. (Morgan Decl. ¶ 4.) Finally, the evidence shows that McCollum was in an accident on the job and subsequently tested positive for marijuana use. (Morgan Decl. ¶ 3.) In lieu of a response from McCollum, the Court simply has no evidence before it suggesting GENCO breached its collective bargaining agreement with Local 527.

Furthermore, the uncontested evidence demonstrates Local 527's decision not to pursue McCollum's grievance was not arbitrary, discriminatory, or made in bad faith. Local 527 filed and processed McCollum's grievance up to the second step of the grievance procedure (Morgan Decl. ¶ 8), represented McCollum in his meeting with GENCO (Williams Decl. ¶ 2), sought documents on behalf of McCollum (Morgan Decl. ¶ 10), assessed evidence provided by GENCO (Williams Decl. ¶¶ 12, 14), researched whether the prescription drugs McCollum was taking would produce a false positive test (Morgan Decl. ¶ 14), and had two different officers discuss McCollum's case with him before deciding to not proceed to arbitration (Williams Decl. ¶ 16).

Local 527 also cited non-discriminatory and good faith reasons for refusing to credit McCollum's explanations for the results of his drug tests. First, McCollum gave inconsistent explanations for why he tested positive for drugs. (Morgan Decl. ¶¶ 13, 18.) Second, Morgan found McCollum's claim that he never learned of GENCO's zero tolerance policy incredible. Morgan compared McCollum's signature on a union document to a signature on a consent form outlining GENCO's drug policy and concluded they were identical. (Morgan Decl. ¶¶ 15, 18.) Finally, McCollum asserted that he was actually not in an accident even though witnesses claimed he was. (Morgan Decl. ¶¶ 16, 18.) After all of this, the president still sought the concurrence of Local 527's executive board before deciding to not take McCollum's case to arbitration. (Morgan Decl. ¶ 18.)

Finally, McCollum has not rebutted Local 527's evidence suggesting that the union did not treat younger, similarly situated employees more favorably. Morgan asserted that Local 527 refused to arbitrate cases of two other workers substantially younger than McCollum who also tested positive for drug use. (Morgan Decl. ¶ 22). Local 527 argues that this allegation proves McCollum cannot prove the third element. While the Court may not consider this assertion established in lieu of more specific information regarding those cases, McCollum retains the burden of demonstrating that a fact regarding Local 527's treatment of other cases remains in dispute. McCollum has not attempted to make such a showing.

III. Conclusion

McCollum's claim is time-barred. Additionally, the undisputed facts of this case demonstrate that Local 527 is entitled to judgment as a matter of law.

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record and Mr. McCollum.

An appropriate Order will issue.

/s/
James R. Spencer
Chief United States District Judge

ENTERED this __5th__ day of May 2011